PEOPLE v PRUITT

Docket No. 204043. Submitted January 14, 1998, at Lansing. Decided
    March 27, 1998, at 9:10 A.M.

Tracy Pruitt, following arraignment but before preliminary examina-
    tion in the 70th District Court on three counts of involuntary man-
    slaughter, moved to compel discovery of information obtained by
    the prosecution through use of investigative subpoenas. The court,
    Terry L. Clark, J., granted the motion. On appeal, the Saginaw Cir-
    cuit Court, Robert L. Kaczmarek, J., vacated the discovery order.
    The defendant appealed in the Court of Appeals by leave granted.

    The Court of Appeals *held*:

    In felony cases, a district court has the authority to order the
    production of statements made by a defendant, codefendant, or
    accomplice in response to an investigative subpoena, along with
    any exculpatory information obtained from any witness in response
    to an investigative subpoena.

    1. MCL 767A.5(6); MSA 28.1083A(5)(6), which is part of the statu-
    tory scheme relating to investigative subpoenas, is superseded by
    MCR 6.201(B)(1),(B)(3), and (F) to the extent that it conflicts with
    the court rules by allowing a felony defendant to seek copies of
    statements given pursuant to an investigative subpoena only during
    a twenty-one day period, by limiting discovery to the statements of
    the defendant and, at the discretion of the court, any witnesses
    who will testify at trial, by allowing a prosecutor to forestall disclo-
    sure of the statements until fourteen days before trial, and by not
    requiring the prosecutor to turn over other exculpatory informa-
    tion. MCR 6.201, which applies to felony proceedings in both dis-
    trict and circuit court, provides in part that the prosecuting attor-
    ney must, at any stage of the proceedings and within seven days of
    a request by a defendant, provide the defendant any exculpatory
    information or evidence known to the prosecuting attorney and any
    written or recorded statements made by a defendant, codefendant,
    or accomplice, even if that person is not a prospective witness at
    trial.

    2. Nonexculpatory statements made by a person who is not a
    defendant, codefendant, or accomplice are not subject to
    mandatory discovery under MCR 6.201, but are subject to discovery

under MCL 767A.5(6); MSA 28.1023A(5)(6). Under the statute, the defendant is entitled to seek discovery of these statements only in the circuit court and only within twenty-one days after arraignment in the circuit court.

Circuit court order vacated; case remanded to the district court.

CRIMINAL LAW — INVESTIGATIVE SUBPOENAS — DISCOVERY — DISTRICT COURT.

A district court presiding over a felony arraignment and preliminary examination has the authority to order the production of statements made by a defendant, codefendant, or accomplice in response to an investigative subpoena, along with any exculpatory information obtained from any witness in response to an investigative subpoena (MCL 767A.5[6]; MSA 28.1023A[5][6]; MCR 6.201[B][1],[B][3],[F]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Catherine Langevin Semel,* Assistant Prosecuting Attorney, for the people.

*William F. Allen,* for the defendant.

Before: MACKENZIE, P.J., and HOLBROOK, JR., and SAAD, JJ.

PER CURIAM. Defendant was charged with three counts of involuntary manslaughter arising from an automobile accident that allegedly occurred while he was drag racing. After his district court arraignment, but before his preliminary examination, defendant filed in the district court a motion to compel discovery of information obtained by the prosecutor through use of investigative subpoenas. The district court granted the motion, but, on appeal by leave in the circuit court, the discovery order was vacated. Defendant now appeals by leave granted. We vacate and remand.

The narrow issue in this case is whether a district court, before the preliminary examination of an indi-

vidual charged with a felony, possesses the authority to compel discovery of witnesses' statements given to the prosecution pursuant to an investigative subpoena. We hold that, in felony cases, a district court has the authority to order the production of statements made by a defendant, codefendant, or accomplice in response to an investigative subpoena, along with any exculpatory information obtained from any witness in response to an investigative subpoena; it does not have the authority in felony prosecutions to order the production of nonexculpatory statements made by other subpoenaed individuals.

I

The use of investigative subpoenas by prosecutors to facilitate felony investigations was authorized by the Michigan Legislature in 1995, 1995 PA 148, and is codified as MCL 767A.1 *et seq.*; MSA 28.1023A(1) *et seq.* Under the statutory scheme, a prosecutor may petition "the district court, the circuit court, or the recorder's court" for authorization to issue one or more subpoenas to investigate the commission of a felony. MCL 767A.2(1); MSA 28.1023A(2)(1). Once an investigative subpoena is issued and properly served, the person subpoenaed "shall appear before the prosecuting attorney and answer questions concerning the felony being investigated or produce any records, documents, or physical evidence he or she is required to produce." MCL 767A.5(1); MSA 28.1023A(5)(1). A person who refuses to answer any question or to produce any record, document, or physical evidence may be ordered to do so by the judge who authorized the issuance of the subpoena, MCL 767A.6; MSA 28.1023A(6), and is in contempt if the court order is

disobeyed. MCL 767A.9(2); MSA 28.1023A(9)(2). A person who knowingly makes a false statement to the prosecutor under oath is guilty of perjury. MCL 767A.9(1); MSA 28.1023A(9)(1).

When a prosecutor files charges based upon information obtained pursuant to an investigative subpoena, the statutory scheme allows the defendant to receive a copy of the defendant's testimony, along with the testimony of witnesses who will testify at the defendant's trial. MCL 767A.5(6); MSA 28.1023A(5)(6) provides:

> If a *criminal charge* is filed by the prosecuting attorney based upon information obtained pursuant to this chapter, upon the defendant's motion made *not later than 21 days after the defendant is arraigned* on the charge, *the trial judge* shall direct the prosecuting attorney to furnish to the defendant the testimony the defendant gave regarding the crime with which he or she is charged and *may direct* the prosecuting attorney to furnish to the defendant the testimony *any witness who will testify at the trial* gave the prosecuting attorney pursuant to this chapter regarding that crime except those portions that are irrelevant or immaterial, or that are excluded for other good cause shown. If the defendant requests the testimony of a witness pursuant to this section and *the trial judge* directs the prosecuting attorney to furnish the defendant a copy of that witness's testimony, *the prosecuting attorney shall furnish a copy of the testimony not later than 14 days before trial.* If the prosecuting attorney fails or refuses to furnish a copy of the testimony to the defendant pursuant to this subsection, the prosecuting attorney may be barred from calling that witness to testify at the defendant's trial. [Emphasis added.]

In addition, MCL 767A.5(7); MSA 28.1023A(5)(7) provides a form of "mid-trial discovery":

> If *the trial judge* has not directed the prosecuting attorney to furnish a copy of a witness's testimony to the defendant before trial, the prosecuting attorney shall, upon the defendant's request, furnish a copy of the testimony to the defendant after direct examination of that witness at trial has been completed. [Emphasis added.]

In this case, defendant, who was charged with a felony, filed a motion for discovery in the district court after his district court arraignment but before his preliminary examination. Among the items sought were copies of the statements of several individuals, including defendant, that had been obtained by the prosecution through the use of investigative subpoenas. The district court ordered the prosecution to provide defendant with copies of these statements, as well as any audiotapes or videotapes of the statements. The circuit court vacated the order, ruling that the district court lacked authority to grant defendant's motion. In reaching that conclusion, the circuit court found MCL 767A.5(6); MSA 28.1023A(5)(6) controlling and determined that the "trial judge" referred to in the statute means a circuit judge. The court therefore concluded that defendant was not entitled to discovery of his statement or the statements of other subpoenaed witnesses at the district court stage of the proceedings.

II

Defendant argues that the discovery procedures set forth in MCL 767A.5(6); MSA 28.1023A(5)(6) are superseded by the Michigan court rule governing criminal discovery, MCR 6.201. We agree in part.

The Michigan court rules governing criminal procedure supersede any statutory procedure pertaining to

and inconsistent with a procedure provided by a court rule. MCR 6.001(E). See also Const 1963, art 6, § 5; *People v Strong*, 213 Mich App 107, 112; 539 NW2d 736 (1995). MCR 6.201 makes certain discovery mandatory and, although it applies only to felony cases, see MCR 6.001(A) and (B), it applies to proceedings in both district and circuit courts. *People v Valeck*, 223 Mich App 48, 50; 566 NW2d 26 (1997). See also MCR 6.003; *People v Laws*, 218 Mich App 447; 554 NW2d 586 (1996).

MCR 6.201 provides in relevant part:

(B) Discovery of Information Known to the Prosecuting Attorney. Upon request, the prosecuting attorney must provide each defendant:

(1) any exculpatory information or evidence known to the prosecuting attorney;

\*        \*        \*

(3) any written or recorded statements by a defendant, codefendant, or accomplice, even if that person is not a prospective witness at trial[.]

\*        \*        \*

(F) Timing of Discovery. Unless otherwise ordered by the court, the prosecuting attorney must comply with the requirements of this rule within 7 days of a request under this rule. . . .

Thus, under the court rule, a prosecutor must supply a felony defendant copies of the defendant's statements, the statements of any codefendants and any accomplices whether or not they are potential witnesses at trial, and any exculpatory information known to the prosecution. Furthermore, under the court rule, requests for this information may be made at any stage of the proceedings—in the district court

or the circuit court—and must be satisfied within seven days of a request. To the extent that MCL 767A.5(6); MSA 28.1023A(5)(6) allows a felony defendant to seek copies of statements given pursuant to an investigative subpoena only during a twenty-one-day period, limits discovery to the statements of the defendant and, in the discretion of the court, "any witness who will testify at trial," allows a prosecutor to forestall disclosure of the statements until fourteen days before trial, and does not require the prosecutor to turn over other exculpatory information, the statute is in direct conflict with MCR 6.201(B)(1), (B)(3), and (F), and, under MCR 6.001(E), is superseded by the court rule.

The trial court in this felony case erred in concluding that the district court lacked the authority to order any discovery of information obtained by the prosecutor through the use of investigative subpoenas. The criminal discovery procedures of MCR 6.201 supersede the statutory procedures in both the district court and the circuit court; the court rule mandates that, at any stage of the proceedings, the prosecution must turn over exculpatory information and the statements of a defendant, codefendant, or accomplice within seven days of a request.

III

Obviously, because investigative subpoenas may be used to obtain information from any person reasonably believed to have knowledge regarding the felony being investigated, see MCL 767A.3; MSA 28.1023A(3), use of the subpoenas extends beyond obtaining the "statements by a defendant, codefendant, or accomplice." MCR 6.201(B)(3). One of the purposes behind

the Legislature's enactment of 1995 PA 148, for example, was to force reluctant individuals not necessarily involved in the crime being investigated to cooperate in the investigation. Senate Analysis, SB 85, August 10, 1995. Nonexculpatory statements made by these individuals, that is, persons who are *not* "defendant[s], codefendant[s], or accomplice[s]," are not subject to mandatory discovery under MCR 6.201, but are subject to discovery under MCL 767A.5(6); MSA 28.1023A(5)(6).

The circuit court read MCL 767A.5(6); MSA 28.1023A(5)(6) as using the terms "criminal charge," "arraigned," "trial," and "trial judge" to mean *"felony* charge," "arraigned *in circuit court," "felony* trial," and *"circuit* judge." We conclude that this is an overly narrow construction of the statute. Rather, it appears that the Legislature deliberately and systematically incorporated the broadest possible terms in the statute in order to encompass the possibility that both felony and misdemeanor cases might result from investigations in which subpoenas were used. That is, the Legislature seems to have intended the statutory terms to have varying meaning depending on whether a case arising from information uncovered by use of investigative subpoenas is brought in the context of misdemeanor or felony proceedings. So read, MCL 767A.5(6); MSA 28.1023A(5)(6) refers to arraignment in *either* the circuit court or the district court, depending on whether a misdemeanor or a felony has been charged, refers to *either* felony or misdemeanor trial, depending on the crime charged, and refers to *either* the circuit or the district judge, depending on the crime to be tried. Thus, for purposes of MCL 767A.5(6); MSA 28.1023A(5)(6), we conclude that the

term "trial judge" means a judge of the court with jurisdiction to try the crime charged. It does not mean, as defendant urges, the judge presiding at any particular stage of the criminal proceedings, including the preliminary examination in a felony case. Nor does it always mean circuit judge, as the circuit court in this case seemingly believed.

If felony charges are brought against a defendant and the case goes to trial, a circuit judge will preside over the trial. Under the statute, therefore, felony defendants have twenty-one days after their circuit court arraignment in which to seek from the circuit judge an order for the discovery of information not discoverable under MCR 6.201, i.e., nonexculpatory statements obtained by investigative subpoena from persons other than themselves, a codefendant, or an accomplice. The circuit judge has the discretion to allow discovery of the statements of any witnesses who will appear at trial.

If, on the other hand, the "criminal charge" filed by the prosecution is, for some reason, a misdemeanor charge rather than the felony originally under investigation, the trial would be in the district court. In that instance, the discovery provisions of MCR 6.201 would have no application, MCR 6.001(B), and the "trial judge" would be a district judge. In the absence of MCR 6.201, the provisions of MCL 767A.5(6); MSA 28.1023A(5)(6) would be triggered, and, therefore, misdemeanor defendants would have twenty-one days after their district court arraignment in which to seek from the district judge an order for the discovery of statements made pursuant to an investigative subpoena by themselves or any other witness who will testify at the trial.

IV

In this case, defendant sought in the district court copies of the statements given by himself and by five other individuals pursuant to investigatory subpoenas. Because defendant was charged with a felony, under MCR 6.201(B) and (F) the prosecution was required to provide defendant a copy of his statement within seven days of his request even though the case was still in the district court. Additionally, if the other subpoenaed individuals whose statements defendant sought were codefendants or accomplices, or if they supplied exculpatory information, the prosecution was also required under MCR 6.201(B) and (F) to supply defendant with that information within seven days of his request even though the case was still in the district court. On the other hand, if the other subpoenaed individuals were not codefendants or accomplices and their statements were nonexculpatory, the statements were not subject to mandatory discovery in the district court under MCR 6.201; the provisions of MCL 767A.5(6); MSA 28.1023A(5)(6) would then be triggered. Under the statute, defendant is entitled to seek discovery of these statements only in the circuit court (as the court with trial jurisdiction if he is bound over on felony charges) and only within twenty-one days after his circuit court arraignment. Furthermore, defendant would be entitled to discovery of the statements only if they were made by a person who will testify at trial, and the prosecutor would be allowed to withhold them until not later than fourteen days before trial.

Vacated and remanded to the district court. We do not retain jurisdiction.

SAAD, J. I concur in the result only.