Per Curiam.
 

 The prosecution appeals by leave granted from a circuit court order affirming the district court’s denial of its motion for reciprocal discovery. We reverse.
 

 Defendant was charged with reckless driving, MCL 257.626; MSA 9.2326, a misdemeanor. After providing discovery to defendant in response to defendant’s request, the prosecution served defendant with a request for reciprocal discovery pursuant to MCR 6.201 and MCL 767.94a; MSA 28.1023(194a). When defendant objected, the prosecution filed a motion to compel discovery. The district court denied the prosecution’s motion, reasoning that MCL 767.94a; MSA 28.1023(194a) was superseded by MCR 6.201 and that MCR 6.201 was not applicable in misdemeanor cases. The circuit court granted leave to appeal and affirmed.
 

 On appeal to this Court, the prosecution contends that the reciprocal discovery provision of MCR 6.201 applies to misdemeanor cases.
 
 [1]
 
 We agree. Questions of law are reviewed de novo.
 
 People v Briseno,
 
 211 Mich App 11, 17; 535 NW2d 559 (1995).
 

 In the criminal procedure chapter of the Michigan Court Rules, rule 6.201 addresses the topic of discovery. Section A of that rule provides for discovery by the prosecution. Nothing in the text of MCR 6.201 limits the application of the rule to felony cases. However, at the outset of the chapter on criminal proce
 
 *70
 
 dure, MCR 6.001(B) provides that certain enumerated rules apply in misdemeanor cases, and MCR 6.201 is not among those enumerated rules. On this basis, a panel of this Court recently explained in dicta that MCR 6.201 applies
 
 only
 
 to felony cases. See
 
 People v Pruitt,
 
 229 Mich App 82, 87; 580 NW2d 462 (1998). But see
 
 People v Valeck,
 
 223 Mich App 48, 49-51; 566 NW2d 26 (1997) (applying the terms of MCR 6.201 to a misdemeanor case). If we were to consider only the text of the court rules, we would most likely come to the same conclusion as the
 
 Pruitt
 
 panel. This result would be supported by the maxim
 
 expressio unius est exclusio alterius,
 
 that the express mention of one thing implies the exclusion of similar things. See
 
 Bradley v Saranac Community Schools Bd of Ed,
 
 455 Mich 285, 298; 565 NW2d 650 (1997).
 

 We cannot reach that conclusion because, in addition to the text of the court rales, we must also consider the authoritative guidance offered by the Michigan Supreme Court in Administrative Order No. 1994-10. Shortly before the adoption of MCR 6.201, the Legislature passed MCL 767.94a; MSA 28.1023(194a) allowing for discovery by the prosecution in criminal cases. The terms of MCL 767.94a; MSA 28.1023(194a) made no distinction between felony and misdemeanor cases. In response to the possible conflict between MCR 6.201 and MCL 767.94a; MSA 28.1023(194a), both the court rule and the statute providing for discovery by the prosecution, the Michigan Supreme Court entered Administrative Order No. 1994-10:
 

 On May 4, 1994, the Governor signed House Bill 4227, concerning discovery by the prosecution of certain information known to the defendant in a criminal case. 1994 PA 113, MCL 767.94a; MSA 28.1023(194a). On November 16,
 
 *71
 
 1994, this Court promulgated MCR 6.201, which is a comprehensive treatment of the subject of discovery in criminal cases.
 

 On order of the Court, effective January 1, 1995,
 
 discovery in criminal cases heard in the courts of this state
 
 is governed by MCR 6.201 and not by MCL 767.94a; MSA 28.1023(194a). Const 1963, art 6, § 5; MCR 1.104. [Emphasis added.]
 

 Administrative Order No. 1994-10 makes no distinction between felony and misdemeanor cases. Instead, it states in straightforward language that MCR 6.201 governs discovery “in criminal cases heard in the courts of this state.” We read this clear language to include misdemeanor cases as well as felony cases. Because the court rules nowhere expressly state that MCR 6.201 does not apply in misdemeanor cases, or that it applies
 
 only
 
 in felony cases, there is no direct conflict between the court rules and Administrative Order No. 1994-10. Therefore, the district court, bound by the language of Administrative Order No. 1994-10, was required to allow the prosecution reciprocal discovery pursuant to the terms of MCR 6.201.
 

 Reversed.
 

 [1]
 

 Defendant elected not to file a brief on appeal.