COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

GERALD HENRY HARRIS,

        Defendant-Appellant.

UNPUBLISHED
September 15, 2016

No.  327058
Wayne Circuit Court
LC No.  14-009272-01-FH

Before:  CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

The jury convicted defendant of possession of less than 25 grams of heroin, MCL 333.7403(2)(a)(*v*), and possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*). The trial court sentenced defendant, as a fourth habitual offender, MCL 769.12, to 34 months' to 15 years' imprisonment for each conviction.  Defendant appeals, and we affirm.

Defendant's sole argument on appeal is that he received ineffective assistance of counsel when defense counsel failed to investigate the video from the police car's dashboard camera before advising defendant on whether to take or reject a plea offer.  We disagree.

Claims of ineffective assistance of counsel are mixed questions of law and fact.  *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012).  This Court reviews a trial court's findings of fact for clear error and reviews questions of constitutional law de novo.  *Id.*  The defendant must establish a factual predicate for the ineffective assistance of counsel claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).  Because no evidentiary hearing was held, our review is for errors apparent from the record.  *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

In a criminal proceeding, a defendant has the right to counsel, which is guaranteed by the United States and Michigan Constitutions.  US Const, Am VI; Const 1963, art 1, § 20.  To evaluate a claim of ineffective assistance of counsel, this Court uses the standard established in *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  *Hoag*, 460 Mich at 5-6, citing *People v Pickens*, 446 Mich 298; 521 NW2d 797 (1994).  For a successful claim of ineffective assistance of counsel, the defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been

different." *Trakhtenberg*, 493 Mich at 51. The effective assistance of counsel is presumed. *People v Roscoe*, 303 Mich App 633, 644; 846 NW2d 402 (2014).

The right to effective assistance of counsel extends to the plea-bargaining process. *People v Douglas*, 496 Mich 557, 591-592; 852 NW2d 587 (2014), citing *Lafler v Cooper*, ___ US ___; 132 S Ct 1376, 1384; 182 L Ed 2d 398 (2012). With respect to plea bargains, defense counsel has a "critical obligation" "to advise the client of the advantages and disadvantages of a plea agreement." *Padilla v Kentucky*, 559 US 356, 370; 130 S Ct 1473; 176 L Ed 2d 284 (2010) (quotation marks and citation omitted). The failure of counsel to properly advise a defendant may fall below an objective standard of reasonableness. See *Douglas*, 496 Mich at 592-595. To demonstrate that a defendant was prejudiced by a defense counsel's ineffective assistance in the plea-bargaining process, a " 'defendant must show the outcome of the plea process would have been different with competent advice.' " *Id.* at 592, quoting *Lafler*, 132 S Ct at 1384. Specifically,

> "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." [*Douglas*, 496 Mich at 592, quoting *Lafler*, 132 S Ct at 1385.]

Here, defendant alleges that defense counsel was ineffective when he failed to adequately investigate a dash cam video from the arresting police officer's vehicle. This failure to investigate allegedly resulted in counsel providing inadequate advice to defendant regarding the merits and risks of accepting or rejecting a plea offer. In other words, because counsel did not view the video until the first day of trial, he could not have given competent advice earlier on the merits of a potential motion to suppress evidence,[1] which thereby influenced defendant's decision to reject the plea offer.

First, there is nothing in the record to show that counsel could have accessed the video before he actually did. The prosecutor stated that he also was only able to view it for the first time on the first day of trial. Thus, we cannot conclude that counsel's viewing of the video on the first day of trial was due to any unreasonable efforts on the part of defense counsel. Furthermore, according to defendant, a police officer was asked at the preliminary examination about the existence of any video from his police car, and the officer responded that he did not

---

[1] It is not clear from the record what evidence defense counsel may have thought possibly could be suppressed. Arguably, because it was the dispositive evidence, it would have been the drugs that were found in defendant's possession.

think that defendant's arrest was captured on the video.[2]  Thus, the value and relevance of any such video is clearly dubious.[3]  Accordingly, with the video holding very little, if any, relevance, defendant cannot show that counsel's failure to diligently pursue a viewing of the video was objectively unreasonable.

Second, and more critically, the record is silent regarding the specific opinion or advice that defense counsel provided to defendant with respect to the plea offer or to counsel's assessment of the merits of a request for the suppression of evidence or the chance of getting an acquittal at trial.  Without this information, defendant's claim is fatally flawed.  Defendant suggests on appeal that if he had known that any motion for suppression was unlikely to succeed, then he would have accepted the plea deal.  However, the record does not support defendant's contentions on appeal.  Indeed, the record is silent on what assertions trial counsel made to defendant, and we decline to speculate as to what these entailed.  For instance, defense counsel may have informed defendant that, while he planned on moving to suppress evidence, such motions rarely are successful.  Simply put, with no evidence in the record about what counsel told defendant, defendant cannot maintain his claim of ineffective assistance.  See *Hoag*, 460 Mich at 6.

Moreover, defendant also cannot establish the requisite prejudice because the record does not demonstrate that defendant rejected the plea offer because he thought that a motion to suppress would be successful.  Instead, when defendant first rejected the plea offer weeks before trial, he stated the following:

> At the beginning we had discussed drug court.  They [the prosecution?] wouldn't go along with it.  I just—just don't understand.  You [the trial court?] was willing to help.  Now you want to send me to prison.  I just don't, you know—in the time I spend inside incarcerated is not considered[4]—you know, I asked for this plea in the beginning.  *If they was willing to throw out something and I would of took this plea.* [Emphasis added.]

---

[2] We note that defendant failed to provide the transcript of the preliminary examination to this Court.  Regardless, defendant claims that this is what was stated at the preliminary examination, and for this limited purpose, we will accept this as accurate.

[3] We also note that "[t]here is no general constitutional right to discovery in a criminal case." *People v Elston*, 462 Mich 751, 765; 614 NW2d 595 (2000).  "Moreover, due process requires only that the prosecution provide a defendant with material, exculpatory evidence in its possession." *People v Greenfield (On Reconsideration)*, 271 Mich App 442, 447 n 4; 722 NW2d 254 (2006); see also *Brady v Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963).  Thus, because the video evidently was not relevant, defendant had no constitutional right to have the prosecution provide it to him.

[4] This portion of defendant's statement apparently is a reference to the trial court's comment earlier in the proceedings, where it stated that because defendant was on parole when he committed the charged crimes, any time served thus far would not count toward any sentence for the charged crimes.

Thus, with no mention of any reliance on a potential successful motion to suppress evidence, defendant cannot show that this was a motivating factor in his decision. In fact, the real reason for the rejection can be found in defendant's own words: he wanted "something" thrown out. It is not clear precisely what defendant was referring to. Regardless, what is clear is that he was not relying on any potential successful motion to suppress.

Further, although by no means clear, defendant's reference to "throw[ing] out something" could have been a very inartful reference to his potential minimum jail time. Earlier in that same proceeding, the parties discussed defendant's potential sentencing guidelines if he went to trial. The parties acknowledged that defendant's minimum guidelines score, as a habitual offender, could be 5 to 46 months, and his minimum sentence under the plea agreement of 6 months would still be within the guidelines. Thus, defendant may have thought that, given that the plea agreement did not bring his sentence to below the minimum guidelines, he was not risking much by proceeding with trial,[5] and his imprecise words of wanting "something" thrown out might have been related to the fact that his minimum sentence could be the same as if he went to trial.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood

---

[5] In fact, defendant and defense counsel were undeniably aware of this fact, as counsel stated twice on the record that the minimum offer of six months "was still within the guidelines."