*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TRAVELL MAURICE-LYNN WEAKLEY,

Defendant-Appellant.

UNPUBLISHED
March 11, 2021

No. 350951
Cass Circuit Court
LC No. 19-010018-FH

Before: REDFORD, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of assault with a dangerous weapon (felonious assault), MCL 750.82, domestic violence, second offense, MCL 750.81(2) and (4), reckless driving, MCL 257.626, failure to stop at the scene of a property damage accident, MCL 257.618, and operating a motor vehicle with a suspended or revoked license, MCL 257.9041(B). The trial court sentenced defendant to one year and eight months to four years' imprisonment for felonious assault, one year in jail for domestic violence, 93 days in jail for reckless driving, 90 days in jail for failure to stop at the scene of a property damage accident, and 93 days in jail for operating a motor vehicle with a suspended or revoked license. On appeal, defendant argues that he is entitled to a new trial because his due-process rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when the trial court permitted the prosecution to reopen proofs and present newly discovered evidence. We affirm.

## I. BACKGROUND

Tracey Michelle Bale, the victim, testified that as she drove to work on April 13, 2018, she saw defendant to her left in a white Ford Mustang driving in the same direction. Defendant yelled through an open window at Bale to "pull over." Bale attempted to evade defendant and turned right onto a road, but defendant swerved toward her car. William Thompson, a witness, identified the cars as "[o]ne [that] was a [small] white [sedan] and . . . the guy was drivin[g] a Mustang." A female drove the small white sedan. Kainen Tighe also testified that he saw a "white Mustang" swerving into another "white sedan" trying to push it "off the road," but the Mustang "ended up hitting a tree." Tighe testified that the male driver acted "pretty angry," and he was "[s]creaming

-1-

profanities repeatedly, screaming, yelling." Tighe noticed that the "entire frontend of the [Mustang] [fell] off" and "the radiator and everything else on the frontend [was] smashed into the motor." After the crash, defendant left the scene of the accident and drove off in the Mustang.

Deputy Ryan Christopher Shields, a Cass County Sheriff's Road Patrol officer, testified that he observed evidence at the scene that another vehicle had been there, including "two sets of vehicle tracks," one of which "dead ended into the base of a tree that was nearby." Deputy Shields found "vehicle parts" at the base of that tree, including a bumper that he recognized must have come from a Mustang.

The prosecution rested at the conclusion of Tighe's testimony and the trial court recessed for the day. After the conclusion of the first day of trial, the prosecution asked Detective Tim Schuur to interview the defense witnesses. The defense witnesses were believed to have been at the courthouse on August 6, 2019, the first day of trial, but they left the courthouse before Detective Schuur was able to interview them. Because the defense witnesses were not available, Detective Schuur listened to phone calls that defendant made from jail to some of the witnesses that were listed on the defense's witness list. A review of one of defendant's jail calls to a "Lori Stayner" led Detective Schuur to the location of the white Mustang in question.

At the onset of the second day of trial, the prosecution moved to reopen proofs. Defense counsel only objected to the late endorsement at the time the proofs were reopened. The prosecution argued it had no knowledge that the newly discovered evidence or that the newly discovered witnesses existed until the night before the second day of trial. Defense counsel indicated that he had copies of the expected exhibits (i.e., pictures of the Mustang and copies of letters defendant sent to Stayner from jail) and was aware of Stayner's testimony. The prosecution also provided defense counsel with an opportunity to inspect the original exhibits, and defense counsel indicated on the record that there did not appear to be any discrepancies between the originals and the copies he had. Because Stayner could link defendant with the car in question, as well as the location of the car in question, the trial court permitted the prosecution to reopen proofs.

Stayner testified that the Mustang parked at her house belonged to defendant. Defendant brought the Mustang to Stayner's house when he moved in with her at the end of June 2018 or beginning of July 2018. At that time, the Mustang was "missing the whole front bumper, the lights," and it had been at Stayner's house since then. Stayner testified that the photograph that was taken the night before the second day of trial showed a repaired Mustang. Stayner further testified that defendant had sent her letters from jail about the Mustang and had once even told her that the Mustang was "the evidence that they needed against [him]" because "he was in an altercation with [Bale]" that resulted in a car accident.

## II. STANDARD OF REVIEW

On appeal, defendant argues that he is entitled to a new trial because his due-process rights to a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when the trial court permitted the prosecution to reopen proofs and present evidence that was discovered during trial. We disagree.

-2-

Although defense counsel objected to the late endorsement at the time the proofs were reopened, he did not object on constitutional grounds as raised for the first time on appeal. "[A]n objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v Dewald*, 267 Mich App 365, 377; 705 NW2d 167 (2005). Therefore, this issue is not preserved.

A defendant's claim that he was denied due process is reviewed de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007). However, this Court reviews unpreserved constitutional issues for plain error affecting the defendant's substantial rights. *People v Bowling*, 299 Mich App 552, 557; 830 NW2d 800 (2013). In *People v Wiley*, 324 Mich App 130, 150-151; 919 NW2d 802 (2018) (quotation marks and citation omitted), this Court explained:

> Under the plain error rule, a defendant bears the burden of establishing that: (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights. To establish that a plain error affected substantial rights, there must be a showing of prejudice, i.e., that the error affected the outcome of the lower-court proceedings. [R]eversal is only warranted if the defendant is actually innocent or the error seriously undermined the fairness, integrity, or public reputation of the trial.

## III. ANALYSIS

MCR 6.201 governs discovery in criminal cases. There is no general constitutional right to discovery, *People v Jackson*, 292 Mich App 583, 590; 808 NW2d 541 (2011), but disclosure of exculpatory material and impeachment evidence is mandated by due process principles. *Cone v Bell*, 556 US 449, 451; 129 S Ct 1769; 173 L Ed 2d 701 (2009). Under MCL 767.40a(2), the prosecution has a continuing duty to disclose further res gestae witnesses *as they become known*. *People v Everett*, 318 Mich App 511, 520-521; 899 NW2d 94 (2017) (emphasis added); see also *People v Callon*, 256 Mich App 312; 662 NW2d 501 (2003) (ruling that the trial court did not abuse its discretion under MCL 767.40a by finding good cause to grant leave to the prosecution to amend her notice of witnesses to list a witness critical to the prosecutor's case).

On good cause shown, the trial court has discretion to grant further discovery and may order modification of the requirements and prohibitions of the discovery court rule. MCR 6.201(I); *People v Greenfield* (*On Reconsideration*), 271 Mich App 442, 448-449, 451; 722 NW2d 254 (2006). Specifically, trial courts have discretion to allow a party to reopen the proofs after having rested. *People v Solomon*, 220 Mich App 527, 532; 560 NW2d 651 (1996).

When evaluating whether the trial court abused its discretion on a motion to reopen the proofs, we consider the following: (1) if the conditions have changed to deem the newly discovered evidence material; (2) if there would be an undue advantage to the moving party; (3) if the nonmoving party would be subject to surprise or prejudice; (4) the timing of the motion; and (5) whether the moving party is attempting to introduce newly discovered and material evidence. *People v Moore*, 164 Mich App 378, 383-384; 417 NW2d 508 (1987), mod on other grounds 433 Mich 851 (1989); see also *People v Herndon*, 246 Mich App 371, 420; 633 NW2d 376 (2001).

In this case, the record reflects that the evidence that the prosecution sought to admit had been newly discovered. The newly discovered evidence had relevance and materiality to the prosecution's case, including the location of the Mustang, that defendant admitted to Stayner that he had been in an altercation with the victim that resulted in a car accident involving the Mustang, and the letters defendant sent to her from jail which further inculpated him regarding the incident involving the Mustang. Before August 6, 2019, the prosecution knew nothing about this evidence. The prosecution advised the trial court that the new evidence became known to it the night before the second day of trial because the defense witnesses were not available for Detective Schuur's interview which prompted him to listen to defendant's jail phone calls to some of the witnesses that were listed on the defense's witness list. A review of one of defendant's jail calls to Stayner revealed the new evidence.

Defendant has failed to show that he suffered any surprise or prejudice, or that the prosecution received an undue advantage. Defendant knew of the location of the Mustang, knew what he once told Stayner about the Mustang and his altercation with the victim, and he knew of the existence of the letters he sent Stayner from jail about the Mustang. Further, defense counsel indicated that the prosecution provided him copies of the evidence it sought to present upon reopening proofs, and defense counsel acknowledged he was aware of Stayner's expected testimony. The prosecution also provided defense counsel with an opportunity to inspect the original exhibits, and defense counsel indicated on the record that there did not appear to be any discrepancies.

Defendant takes particular issue with the timing of the prosecution's motion to reopen proofs. However, even though the motion came after the prosecution had rested, defendant was not prejudiced by the new evidence that had become known to the prosecution overnight. Again, defendant was well aware of the prosecution's newly discovered evidence because he created it, had gone to great effort to hide the Mustang and dispose of all traces linking it and himself to the accident, i.e., he parked the Mustang at Stayner's house after the accident and repaired and replaced the parts damaged as a result of the accident. The record reflects that the trial court properly analyzed the prosecution's grounds for reopening proofs and correctly decided the issue. The trial court did not err in allowing the prosecution to reopen its proofs and defendant has failed to establish the existence of plain error that affected his substantial rights. Therefore, defendant is not entitled to a new trial.

Affirmed.

/s/ James Robert Redford
/s/ David H. Sawyer
/s/ Mark T. Boonstra