PEOPLE v DAVIE (AFTER REMAND)

Docket No. 181537. Submitted July 2, 1997, at Detroit. Decided October 3,
1997, at 9:10 A.M. Leave to appeal denied, 456 Mich ___.

Charles Davie and Reginald Obispo were each charged in the
Recorder's Court of Detroit with delivery of less than fifty grams of
cocaine, with Obispo also being charged with possession with
intent to deliver less than fifty grams of cocaine and possession of
a firearm during the commission of a felony. The defendants were
scheduled to be tried jointly on October 31, 1994. The appointed
counsel for each defendant served on the police the discovery
order that was supplied to each counsel at the time of appointment
as counsel. Although the discovery orders were served on the
police no later that October 19, 1994, Davie's counsel never
received any discovery material and Obispo's attorney received the
requested discovery material late in the afternoon of October 29,
1994. In response to defense concerns about the failure of the
police to provide timely pretrial discovery in response to the dis-
covery orders, the court, Dalton A. Roberson, J., scheduled a hear-
ing at which the prosecution was to obtain the presence of the
officer upon whom the discovery orders were served so that the
police department might offer an explanation why it had not pro-
vided the discovery materials to each defense counsel in a timely
manner. When the prosecution failed to secure the presence of that
police officer at the scheduled evidentiary hearing, the court dis-
missed the charges against the defendants on the basis of the fail-
ure to provide discovery materials to the defense counsel in a
timely manner so that they would be adequately prepared for trial.
The prosecution appealed. Because neither of the parties had made
the discovery orders part of the record on appeal, the Court of
Appeals remanded the matter to the Recorder's Court for a deter-
mination whether discovery orders had been issued, whether the
prosecution failed to comply with any discovery orders that might
have been issued, and whether the defendants were prejudiced by
any failure to comply with a discovery order. On remand, the
Recorder's Court, following an evidentiary hearing, found that dis-
covery orders had been served on the police, that the police had
failed to comply with the discovery order, and that the defendants
were prejudiced by the failure to receive in a timely manner the

discovery materials that would have assisted counsel to prepare adequately for trial. The Recorder's Court again entered an order dismissing the charges. The transcript of the proceedings on remand, including the findings of the court, were thereafter filed with the Court of Appeals.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in dismissing the charges against the defendants in response to the prosecutor's complete failure to ensure that the defendants were provided with timely discovery. Although the method used to issue these discovery orders and the exact nature of these orders were not in strict compliance with the local court rule relating to discovery, the method of issuing and the nature of the orders apparently were in accordance with the informal procedure that was in effect in the Recorder's Court with respect to discovery. Further, the trial court did not abuse its discretion in finding that the failure to supply the material demanded by counsel in the discovery orders prejudiced the defendants' cases by impairing the ability of defense counsel to prepare for trial.

2. Because the trial court's order dismissing the charges did not specify that the dismissal was with prejudice, and because of the informal nature of the discovery process that was in use in the Recorder's Court, it would be unfair to presume that the dismissal of the charges was with prejudice and, thereby, to preclude the refiling of the charges against the defendants.

Affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Douglas P. Dwyer*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Gail Rodwan*), for Charles Davie.

*Marcia J. Covert*, for Reginald Obispo.

AFTER REMAND

Before: MURPHY, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

MICHAEL J. KELLY, J. The prosecution appeals as of right an order dismissing the charge of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), against Charles Davie, and an order dismissing the charges of delivery of less than fifty grams of cocaine, possession with intent to deliver less than fifty grams of cocaine, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2), against Reginald Obispo, on the basis that "the [p]rosecution did not provide . . . [d]efendant[]s with . . . discovery so they were not ready to go on the date of trial." We affirm.

Davie and Obispo were scheduled to be tried jointly on October 31, 1994. However, by that date only Obispo's defense attorney had received any discovery, and that was not until Saturday, October 29. In response to the trial court's inquiry concerning why discovery had not been timely provided, the officer in charge of the case stated that the division of the Detroit police agency responsible for handling discovery requests had lost the file.[1] The trial court

---

[1] Of primary significance in this case is the informal discovery method used in the Recorder's Court that places the burden of complying with discovery orders on the police, and not the prosecutor. Pursuant to Recorder's Court LCR 2.302, the following official procedure governs discovery in that court:

(A) On a motion in open court at the arraignment on the information or by a subsequent proper motion, the trial court may order that the prosecution make copies of the following available to defense counsel:

(1) All statements known to the police and prosecutor by all endorsed witnesses;

(2) All statements by the defendant which have been recorded or written;

(3) The investigator's report and all preliminary complaint reports (PCR's) concerning the case;

ordered the prosecutor to obtain the presence of the officer upon whom the defense attorneys had served their discovery orders so that the police department might offer "a rational explanation" for its failure to provide discovery materials in a timely manner to Obispo's attorney and its complete failure to honor Davie's discovery order. On the date set for this evidentiary hearing, the prosecutor failed to obtain the presence of the key officer, and the trial court dismissed the case "on the basis that the [p]rosecution did not provide . . . [d]efendant's [sic] with . . . discovery so they were not ready to go on the date of trial." The prosecutor appealed, and, because the record on appeal was incomplete, a panel of this Court

---

(4) The defendant's arrest and conviction record;

(5) All scientific and laboratory reports;

(6) All corporeal and photographic lineup sheets.

(B) The trial court may also order that the prosecution permit defense counsel to view the following:

(1) All photographs, diagrams, or other visual evidence pertaining to the case that are in police custody;

(2) All physical or tangible evidence pertaining to the case that are in police custody.

(C) Additionally, the court may order that the prosecution permit defense counsel to view or receive copies of any and all other documents pertaining to the case that are in the possession or control of the police or prosecution. This shall be in effect whenever such documents or items may be material to the defense, regardless of whether they are intended for evidence at trial.

Rather than use this court-supervised discovery procedure, the parties to a proceeding in the Recorder's Court apparently avail themselves of an informal discovery procedure that essentially divests the trial court of its supervisory role in the evidentiary exchange. When counsel is assigned a case in the Recorder's Court, a discovery order is attached to the file. Defense counsel then serves this order on the appropriate office at Detroit Police Headquarters. Defense counsel, not the prosecutor, bears the responsibility of insuring timely police compliance with the discovery order, although nothing on the record explains exactly how defense counsel effectuates this responsibility, whether by motion to the court or contact with the prosecutor's office.

remanded this case to the trial court with instructions to make findings of fact and a determination on the record regarding three issues: (1) if discovery orders had been issued; (2) if so, whether the prosecution failed to comply with the orders; and (3) whether defendants were prejudiced thereby. Unpublished order of the Court of Appeals, entered October 11, 1995 (Docket No. 181537).

At the evidentiary hearing on remand, defendant Obispo's attorney, Marcia Covert, testified that she served a discovery order on the police on September 30, 1994, although police records reflected that the order was received on October 18, 1994. Covert's law clerk, Gary Sequin, also testified that the order was served on the police on September 30, 1994. Sequin stated that after the order was served, he appeared at the police station approximately four times to obtain the discovery materials, but each time he was told that the materials were not ready, or had been misplaced. Finally, the police provided Covert with the requested materials on Saturday, October 29, 1994, at approximately 4:00 P.M. When asked whether the delay had prejudiced her client, Covert replied, "I don't know how I can possibly try a case on a day and a half."

Virgil Smith, Davie's appointed counsel, testified that he served a discovery order on the police on October 19, 1994, at which time he was told it would take approximately one week to comply with his request. Smith called four days later, but was told that the discovery materials were not yet available. Smith went to the police department approximately four more times, including the morning of trial. Smith never received the discovery materials. At his last

visit, a police officer told Smith that the discovery materials he requested " 'had not been gathered.' " Smith testified that his client had been prejudiced by the. failure of the police to provide him with discovery:

> Well, it was quite prejudicial because I didn't have an opportunity to look at the statements that were made by the prosecution's witnesses. I didn't have a chance to review that information, go over their statements with my client who—he was in the lock-up at the time, I think I saw him on at least two occasions, possibly three. It didn't give me a chance to prepare for cross examination of any prosecution witnesses because I was not able to have advance notice as to the[ir] statements. . . .

At the close of the hearing, the trial court determined, on the basis of Smith's testimony, that a discovery order had been served on the police department, which thereafter failed to comply with it. Moreover, the trial court expressed great dissatisfaction with the informal discovery procedure used in the Recorder's Court. Further, the trial court apparently agreed with the assertions of defendants' counsel that they had been prejudiced by the failure to receive discovery materials in a timely manner, primarily because they had been unable to prepare adequately for trial before the date that had been set. for the commencement of proceedings. The trial court entered an order dismissing the case against defendants for "failure to comply with the [c]ourt's discovery order."

The prosecution argues that the trial court's dismissal of the charges against Davie and Obispo was inappropriate under the circumstances. We review a trial court's decision regarding the appropriate remedy for

noncompliance with a discovery order for an abuse of discretion. *People v Young*, 212 Mich App 630, 642; 538 NW2d 456 (1995); *People v Loy-Rafuls*, 198 Mich App 594, 597; 500 NW2d 480 (1993), rev'd in part on other grounds 442 Mich 915 (1993). "The exercise of that discretion involves a balancing of the interests of the courts, the public, and the parties." *Id.* at 597; see also *People v Taylor*, 159 Mich App 468, 487; 406 NW2d 859 (1987). It requires inquiry into all the relevant circumstances, including "the causes and bona fides of tardy, or total, noncompliance, and a showing by the objecting party of actual prejudice." *Id.* at 482.

On the basis of our review of the record, we conclude that the trial court did not abuse its discretion in dismissing the charges against defendants in response to the prosecutor's complete failure to insure that defendants were provided with timely discovery. Under the circumstances, we do not believe that the trial court's dismissal of charges was unwarranted, or unnecessarily harsh. Neither the police nor the prosecutor complied with discovery orders while at the same time claiming to follow an unwritten informal procedure. The informal procedure appears to have been designed to spare the prosecution the burden of dealing with discovery requests. Whatever action was taken on the discovery orders was that of the police, not the prosecutor's office, a situation that directly contravened the discovery procedure set forth in Recorder's Court LCR 2.302.

The trial court found that the parties had been prejudiced by their inability to receive discovery materials in time to adequately prepare for trial. This finding is supported by the record. The attorneys testified that they were unable to adequately prepare for

defendants' joint trial because (1) in the case of Obispo's counsel, she did not receive discovery materials until approximately a day and a half before the trial was set to commence, and (2) in the case of Davie's counsel, he did not obtain discovery materials at all. It is apparent to this Court that counsel had little opportunity to prepare a meaningful defense before the date upon which trial was set to begin. In addition to each attorney's responsibility to review the evidence to be presented against his own client, the fact that this was to be a joint trial meant that the attorneys had to meet and discuss their respective trial strategies before the proceedings were set to begin. The fact that Davie's counsel did not receive discovery materials at all foreclosed any possibility of such an encounter.

While the prosecutor and the public had an interest in seeing this matter proceed to trial, the court had a great interest in forcing present and future compliance with Recorder's Court LCR 2.302, a court rule designed to insure judicial supervision of the discovery process. After inquiring into all the relevant circumstances of this case, we conclude that the trial court did not abuse its discretion in dismissing the charges against defendants for the prosecution's failure to comply with the discovery orders.

Finally, we determine that the trial court's dismissal of the charges against defendants was without prejudice. MCR 6.201(I) governs violations of discovery orders in criminal cases, but does not mention whether orders of dismissal entered pursuant to this court rule are with or without prejudice. In this case, the trial court issued its orders of dismissal on preprinted "Order[s] of Acquittal/Dismissal or

Remand." On each preprinted order, the trial court failed to enter a check in an appropriate box to reflect whether the orders of dismissal were with or without prejudice. Generally, dismissal for failure to comply with the court rules is presumed to be a dismissal with prejudice. See MCR 2.504(B); *Avery v Demetropoulos*, 209 Mich App 500, 502-503; 531 NW2d 720 (1995). However, a trial court speaks through its written orders, see *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977), and here there is no written indication that the dismissals were with prejudice. In light of both parties' reliance on the informal discovery process used in the Recorder's Court, we think it would be unfair to preclude the prosecutor from refiling charges against defendants if necessary. We will not presume that the trial court intended the dismissals to be with prejudice, because insulating defendants from potential conviction would place them in a better position than they would have enjoyed had the prosecutor not violated the discovery orders, which is a "remedy . . . of dubious value." *Taylor, supra* at 487.

Affirmed.