COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

TINA JOY MARTIN,

      Defendant-Appellant.

UNPUBLISHED
October 27, 2015

No.   322220
Calhoun Circuit Court
LC No.   2013-003512-FC

Before: M. J. KELLY, P.J., and MURRAY and Shapiro, JJ.

PER CURIAM.

Defendant, Tina Joy Martin, appeals by right her jury convictions of armed robbery, MCL 750.529, and assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a).  The trial court sentenced her as a third-offense habitual offender, MCL 769.11, to serve 15 to 30 years in prison for her armed robbery conviction and to serve 5 to 20 years in prison for her assault conviction.  On appeal, Martin raises several claims of error, which she argues warrant a new trial.  Because we conclude that she has failed to establish such an error, we affirm.

Martin first argues that she did not have the effective assistance of counsel at trial. Specifically, she challenges her trial lawyer's decision to call Cassandra Elswick as a defense witness.  This Court reviews de novo as a question of law whether a particular act or omission by a trial lawyer fell below an objective standard of reasonableness under prevailing professional norms.  *People v Gioglio (On Remand)*, 296 Mich App 12, 19-20; 815 NW2d 589 (2012), remanded for resentencing 493 Mich 864.  Where the trial court did not conduct an evidentiary hearing on the claim of ineffective assistance, as is the case here, this Court's review is limited to mistakes that are apparent on the record alone.  *Id.* at 20.

In order to establish her right to relief, Martin must show that her trial lawyer's decision to call Elswick fell below an objective standard of reasonableness under prevailing professional norms and that there is a reasonable probability that, but for the unprofessional act, the result of the proceeding would have been different.  *Id.* at 22.  "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise."  *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "Reviewing courts are not only required to give counsel the benefit of the doubt with this presumption, they are required to 'affirmatively entertain the range of possible' reasons that counsel may have had for proceeding as he or she

did." *Gioglio*, 296 Mich App at 22, quoting *Cullen v Pinholster*, 563 US 170; 131 S Ct 1388, 1407; 179 L Ed 2d 557 (2011). If, after affirmatively entertaining the range of possible reasons for the act or omission, this Court determines that there might have been a legitimate strategic reason for the act or omission, we must conclude that the act or omission fell within the range of reasonable professional conduct. *Id.* at 22-23. Nevertheless, trial lawyers have a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (quotation marks and citation omitted).

Martin maintains that her lawyer's decision to call Elswick fell below an objective standard of reasonableness because Elswick made prior inconsistent statements to police officers that did not support the defense theory. It is clear from the record that Martin's trial lawyer was aware of the statements and tried to minimize the harm by offering testimony to explain the inconsistencies. Her lawyer specifically addressed the statements in his closing argument, where he attempted to explain the prior statements and minimize their impact. The record does not reflect that defense counsel made a less than complete investigation into the statements before electing to call Elswick. *Trakhtenberg*, 493 Mich at 52. Thus, the question remains as to whether the decision to call Elswick was objectively reasonable.

Here, Martin's trial lawyer had to decide between using Martin's testimony alone or calling Elswick in an attempt to corroborate Martin's version of events. As Martin concedes on appeal, "[d]efense counsel's obvious intent at trial was to provide some corroboration – any corroboration – to his client's testimony." Martin's testimony had significant flaws; she admitted that she changed her story a few times and was "very intoxicated" at the time of the events. Neither witness's version of events at trial matched what they originally told the officers. While Elswick told an officer that Martin assaulted the victim, Martin's lawyer addressed the issue during direct examination and during closing argument. During direct examination, he elicited testimony that Elswick was shaken up and the police officers did not want to listen to her. He also argued in closing that Elswick made the statements in an effort to stay out of jail on the night of the crime. Given the weaknesses inherent in Martin's version of events and the possibility that Elswick's inconsistent statements could be dealt with at trial, a reasonable defense lawyer could conclude that Martin would be better served by calling Elswick as a defense witness. Accordingly, we must conclude that Martin's trial lawyer's decision to call Elswick fell within the range of reasonable and professional conduct. *Gioglio*, 296 Mich App at 22-23. Further, "[t]he fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).

In reaching our conclusion, we find Martin's reliance on *People v Dalessandro*, 165 Mich App 569; 419 NW2d 609 (1988), inapposite. In *Dalessandro*, the "prior inconsistent statements were the *only* incriminating evidence against defendant at trial." *Id*. at 576 (emphasis added). Here, there was other incriminating evidence: the victim's testimony, the knife with Martin's DNA on it, evidence concerning the location of the knife, and the fact that Martin's own testimony was impeached with her prior statements.

Martin next argues that the trial court erred by allowing the prosecutor to admit the jacket worn by the victim during the events at issue after committing a discovery violation. This Court reviews a trial court's decision to fashion a remedy for a discovery violation for an abuse of discretion. *People v Jackson*, 292 Mich App 583, 591; 808 NW2d 541 (2011). We similarly review a trial court's decision to admit evidence for an abuse of discretion. *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *Id.*

Upon request a party must disclose and provide "a description of and an opportunity to inspect any tangible physical evidence that the party may introduce at trial, including any document, photograph, or other paper, with copies to be provided on request." MCR 6.201(A)(6). During the preliminary examination, the victim testified about his jacket and how it became damaged. At trial, the victim testified that he offered the jacket to the prosecutor's office. The prosecutor did not properly disclose that the jacket might be introduced at trial in violation of MCR 6.201(A). Because the jacket was not disclosed, the trial court did not allow the jacket into evidence as an exhibit; however, it did allow the prosecutor to use the jacket as demonstrative evidence to supplement the victim's testimony. After explaining its decision—ostensibly as a remedy for the discovery violation—the trial court asked Martin's lawyer if there were any questions and he responded, "No, Your Honor." By responding in this way after the trial court addressed the discovery violation and the limited admissibility of the jacket, Martin's lawyer may have waived the claim that the jacket did not constitute demonstrative evidence. See *People v Dobek*, 274 Mich App 58, 64-66; 732 NW2d 546 (2007). In any event, we conclude that the trial court's handling of this issue did not amount to error warranting relief.

When there is a discovery violation, the trial court has discretion to fashion a remedy. MCR 6.201(J); *People v Davie (After Remand)*, 225 Mich App 592, 597-598; 571 NW2d 229 (1997). "The exercise of that discretion involves a balancing of the interests of the courts, the public, and the parties." *Davie*, 225 Mich App at 597-598 (quotation marks and citation omitted). Moreover, "the exclusion of otherwise admissible evidence is an extremely severe sanction that should be limited to egregious cases." *People v Greenfield (On Reconsideration)*, 271 Mich App 442, 456 n 10; 722 NW2d 254 (2006).

The jacket's existence was not a surprise to either party. The use of the jacket merely supplemented and illustrated the victim's oral testimony, which in turn was relevant to his credibility. Further, it does not appear that the prosecution deliberately failed to disclose the jacket. Thus, it does not appear that the remedy chosen by the trial court prejudiced Martin, and it does not appear that the discovery violation was egregious. See *Greenfield*, 271 Mich App at 456 n 10. In balancing the interests of the courts, the public, and the parties, *Davie*, 225 Mich App at 597-598, the trial court's decision to allow the admission of the jacket—even to the extent that it could be said that the trial court mischaracterized its use as merely demonstrative—was within the range of reasonable outcomes and, therefore, not an abuse of discretion, *Lane*, 308 Mich App at 51. Martin also contends that the trial court erred by failing to provide a limiting instruction on the use of the jacket. However, she never requested a limiting instruction, and trial courts do not have a duty to sua sponte give limiting instructions. MRE 105; *People v Rice (On Remand)*, 235 Mich App 429, 444; 597 NW2d 843 (1999).

Lastly, Martin argues that the trial court improperly questioned the DNA evidence expert, Lisa Ramos. Martin did not object to this questioning at trial; thus, this issue is unpreserved. *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011); MRE 614(c). We review unpreserved issues for plain error. *People v Carines*, 460 Mich 750, 762-765; 597 NW2d 130 (1999). Under this standard, the defendant bears the burden of showing: "1) error [] occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights" ["i.e., that the error affected the outcome of the lower court proceedings"]. *Id*. at 763.

Under MRE 614(b), a trial court "may interrogate witnesses, whether called by itself or by a party." See *People v McDonald*, 303 Mich App 424, 437; 844 NW2d 168 (2013). "The trial court may question witnesses in order to clarify testimony or elicit additional relevant information." *People v Conyers*, 194 Mich App 395, 404; 487 NW2d 787 (1992). The "principal limitation on a court's discretion over matters of trial conduct is that its actions not pierce the veil of judicial impartiality." *People v Davis*, 216 Mich App 47, 50; 549 NW2d 1 (1996). "A judge's conduct pierces this veil and violates the constitutional guarantee of a fair trial when, considering the totality of the circumstances, it is reasonably likely that the judge's conduct improperly influenced the jury by creating the appearance of advocacy or partiality against a party." *People v Stevens*, ___ Mich ___, ____; ___ NW2d ___ (2015) (Docket No. 149380); slip op at 8.

It is clear from the record that the trial court elicited the testimony to clarify the existing DNA evidence testimony and supplement it with additional relevant information, which are proper purposes. *Conyers*, 194 Mich App at 404. This information was relevant because a statistical foundation was required; in the context of DNA evidence, this Court has held "that some qualitative or quantitative interpretation must accompany evidence of the potential match." *People v Coy*, 243 Mich App 283, 302; 620 NW2d 888 (2000). The trial court's questioning provided additional relevant information that would have been appropriate if asked by either party, and the questioning did not give the appearance of advocacy or partiality. *Stevens*, ___ Mich at ___; slip op at 8. The questions asked by the trial court were neutral; this was not a case where the judge "crossed the line of impartiality." See e.g., *Conyers*, 194 Mich App at 404. Consequently, it was not plain error for the trial court to ask them. *Davis*, 216 Mich App at 52.

Martin has not established any error warranting relief.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray

-4-