# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ETHAN THOMAS SMITH,

      Defendant,

and

TIMOTHY H. HAVIS and MICHELLE L.
SHANNON,

      Appellants.

UNPUBLISHED
February 16, 2017

No. 329353
Shiawassee Circuit Court
LC No. 15-007329-FH

Before: O'CONNELL, P.J., and MARKEY and MURRAY, JJ.

PER CURIAM.

Appellants represented defendant in a criminal case. Before trial, the trial court entered an order requiring appellants to pay $1,000 each in sanctions for failing to follow the trial court's scheduling order. Appellants appeal the order for sanctions as of right. We vacate the sanctions order and remand for further proceedings consistent with this opinion.

## I. FACTS

Plaintiff charged defendant with one count of assault by strangulation, MCL 750.84(1)(b), and one count of assault with intent to do great bodily harm less than murder, MCL 750.84. The victim was defendant's wife. In August 2015, appellants filed appearances on defendant's behalf. Simultaneously with her appearance, Shannon sought discovery under MCR 6.201, asking for the "[n]ames and addresses of all witnesses, lay or expert, . . . including all res gestae witnesses." Plaintiff responded by filing a res gestae and trial witness list on May 13, 2015.

The trial court entered a pretrial scheduling order on May 28, 2015. Significantly, it set August 13, 2015 as the "Motion Cut-Off Date," requiring "[a]ll motions . . . to be . . . filed and heard by no later than . . . August 13, 2015." To meet this deadline, the trial court stated that "[a]ll motions [must] be . . . scheduled six to eight weeks in advance." The trial court also

-1-

ordered "the parties . . . to exchange lists of . . . witnesses as set forth in MCL 767.40a." Trial was scheduled to begin September 1, 2015.

Plaintiff filed an amended witness list with the trial court, and served Shannon with that list, on July 29, 2015. Significantly, plaintiff added Justin Allen to the witness list. The next day, plaintiff filed a MCL 768.27b notice with the trial court, and served it upon Shannon, indicating that it "intend[ed] to introduce evidence of defendant's commission of other acts of domestic violence." Plaintiff claimed that defendant had previously "assaulted" the victim on March 25, 2012, that Allen "walked in [ ]on the altercation," "pull[ed] . . . defendant from" the victim, and helped her escape.

Defendant then objected to plaintiff's MCL 768.27b notice, arguing that plaintiff provided no contact information for Allen and that an evidentiary hearing was required to assess the accuracy of Allen's testimony. Defendant also asked for a ruling on the admissibility of the MCL 768.27b evidence "well before trial" so that defendant had a "reasonable opportunity to locate and subpoena" rebuttal witnesses. Defendant then filed a witness list on August 31, 2015, adding Merry Smith, Josephine Pine, and "[r]ebuttal witnesses as needed." Defendant asserted that he could file a late witness list so long as it was in "the best interest of justice."

After a hearing, the trial court found that plaintiff submitted its MCL 768.27b notice in a timely manner, both under the statute and pursuant to the scheduling order. The trial court also concluded that the prior, alleged act was less than "10 years old" and was similar enough to the charged act to be probative, that defendant's arguments about Allen's testimony go "more to weight than admissibility," and that the evidence was admissible under MRE 403 because it would cause no "unfair" prejudice to defendant.

Turning to defendant's compliance with its scheduling order and court rules, the trial court noted that defendant had not yet properly filed its witness list. The trial court pointed out that MCR 6.201(F) required defendant to disclose witnesses by June 5, 2015, that its own scheduling order did not modify this deadline, and that MCL 767.94a required defendant to file its witness list " 'not later than 10 days prior to trial,' " which was scheduled for September 1, 2015. Therefore, the trial court concluded, defendant failed to comply with both the court rules and the court's scheduling order. Further, the trial court stated that defendant did not "file[ ] a motion to add additional witnesses" and failed to "demonstrate[ ] good cause for fail[ing] to comply with the court rules."

The trial court indicated it would not exercise its "discretion to allow late-filed witnesses." Instead, the trial court adjourned trial until September 15, 2015, and required defendant to "submit a Witness List within 5 days," including "names and contact information for each witness the [d]efense intends to call in either its case in chief or in rebuttal."

The trial court characterized defendant's "disclosures" as "late" and stated that it had the "authority to fashion a remedy for discovery violations" and to order "sanctions for willful violation[s] of discovery rule[s]" pursuant to MCR 6.201(J). Explaining that appellants "fail[ed] to follow the [trial court's] scheduling order," the trial court ordered each to pay a $1,000 sanction.

## II. ANALYSIS

Appellants argue that the trial court lacked authority in this instance to order sanctions. This Court reviews for an abuse of discretion trial court sanction orders entered pursuant to MCR 6.201(J). *People v Jackson*, 292 Mich App 583, 591; 808 NW2d 541 (2011). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Id.*

According to MCR 2.401(B)(1)(c),[1] a trial court may enter a scheduling order "setting time limitations for the processing of the case and establishing dates when future actions should begin or be completed in the case." MCR 2.401(B)(2)(a) further provides that the court "shall establish times for events the court deems appropriate[.]" It is within a trial court's discretion "to decline to entertain actions beyond the agreed time frame." *People v Grove*, 455 Mich 439, 469; 566 NW2d 547 (1997).[2] "Were the rules not so construed, scheduling orders would quickly become meaningless." *Id.*

"MCR 6.201 governs and defines the scope of criminal discovery." *People v Greenfield*, 271 Mich App 442, 447; 722 NW2d 254 (2006).[3] If a party violates the court rule, a trial court has "discretion" "to provide the discovery or permit the inspection of materials not previously disclosed, grant a continuance, prohibit the party from introducing in evidence the materials not disclosed, or enter such other order as it deems just." MCR 6.201(J). And, if a party commits a "[w]ilful violation . . . of an applicable discovery rule or an order issued pursuant thereto," a trial court "may subject counsel to appropriate sanctions." MCR 6.201(J).

The trial court's pretrial scheduling order required "the parties . . . to exchange lists of . . . witnesses as set forth in MCL 767.40a." Appellants argue that MCL 767.40a only requires plaintiff—not defendant—to disclose witnesses. But even if the trial court did not have the authority to sanction appellants for failing to follow MCL 767.40a, defendant and his attorneys

---

[1] The rules of civil procedure apply in criminal proceedings unless (1) provided otherwise by the rules, (2) it clearly appears that the rule(s) apply only to civil proceedings, or (3) a statute or court rule provides for a like or different procedure. MCR 6.001(D).

[2] We recognize that in *People v Franklin*, 491 Mich 916; 813 NW2d 285 (2012), our Supreme Court stated that, "*Grove* has been superseded by MCR 6.310(B)." However, that subrule applies to a request to withdraw a plea, which was not at issue in this case.

[3] At the hearing, in explaining its rationale for ordering sanctions, the trial court stated that pursuant to MCR 6.201(J) it had the "authority to fashion a remedy for discovery violations," including imposing sanctions, for what it characterized as appellants' willful violation of discovery rules. However, the trial court's written order imposing sanctions states that appellants were sanctioned for "failing to follow the [trial] court's scheduling order." Though there is little difference between the oral ruling and written order, our analysis is focused on the trial court's written order, as it is well-established that a "trial court speaks through its written orders." *People v Davie (After Remand)*, 225 Mich App 594, 600; 571 NW2d 229 (1997).

were obligated to follow that order until it was overturned or vacated. This holds true even if there is a legitimate question regarding whether the trial court could enforce the statute against defendant.[4] We said as much in *In re Contempt of Dudzinski*, 257 Mich App 96, 110; 667 NW2d 68 (2003), where we held, quoting *Kirby v Michigan High School Athletic Ass'n*, 459 Mich 23, 40; 585 NW2d 290 (1998), that " '[a] party must obey an order entered by a court with proper jurisdiction, even if the order is clearly incorrect, or the party must face the risk of being held in contempt and possibly being ordered to comply with the order at a later date.' " As we held in *In re Dudzinski,* a party is not entitled to ignore or disobey a court order simply on the belief that the order was invalid and would be overturned on appeal:

> Civil disobedience is not the appropriate course of action when a person disagrees with a court order. We are a society of laws and the legal remedy available to appellant was to seek leave to appeal the trial court's order precluding him from wearing his shirt. Appellant elected not to pursue his legal remedy, and instead elected to willfully disobey a valid albeit erroneous court order. A person may not disregard a court order simply on the basis of his subjective view that the order is wrong or will be declared invalid on appeal. Allowing such behavior would encourage noncompliance with valid court orders on the basis of misguided subjective views that the orders are wrong. There exists no place in our justice system for self-help. [*In re Dudzinski*, 257 Mich App at 111.]

Consequently, we need not decide whether the trial court had the authority to require defendant to comply with MCL 767.40a, and instead turn our attention to whether the sanctions ordered were an abuse of discretion. We conclude that they were.

We review the amount of the sanctions ordered for an abuse of discretion, *In re Costs and Attorney Fees*, 250 Mich App 89, 104; 645 NW2d 697 (2002), and for several reasons we conclude that the amount ordered was well outside the range of reasonable and principled outcomes.[5] First, the violation was tardy compliance with the scheduling order's witness list requirements. But, as the Court recognized in *People v Burwick*, 450 Mich 281, 298; 537 NW2d 813 (1995), "where a continuance can accomplish both objectives [enhancing the reliability of the fact finding process and providing enough time to meet the proofs], it serves administrative efficiency and is the remedy of choice." Here, the trial court did adjourn trial to allow defendant to file his witness list and give the prosecutor time to prepare in light of the list, which satisfied both statutory objectives. Typically that remedy would be sufficient.

---

[4] See *Greenfield*, 271 Mich App at 447-449 (Courts can only require the discovery allowed for within MCR 6.201).

[5] "When determining the appropriate remedy for discovery violations, the trial court must balance the interests of the courts, the public, and the parties in light of all the relevant circumstances, including the reasons for noncompliance." *People v Banks*, 249 Mich App 247, 252; 642 NW2d 351 (2002). Further, the complaining party must show that the violation caused him or her actual prejudice. *Davie (After Remand)*, 225 Mich App at 598.

Second, "[a]n appellate court cannot review a decision for abuse of discretion unless it knows how and why the discretionary decision was made." *Houston v Southwest Detroit Hospital*, 166 Mich App 623, 631; 420 NW2d 835 (1987). Here, the trial court never explained why it chose $1,000 per attorney as the appropriate amount, making it difficult for us to review this discretionary decision. Third, as the trial court recognized, there was little prejudice to the prosecution's trial preparation in light of the trial court's adjournment of trial and defendant's filing of a witness list containing only two names additional to those contained on the prosecutor's list. *People v Banks*, 249 Mich App 247, 252; 642 NW2d 351 (2002). Fourth, although we recognize the trial court's need to ensure compliance with its orders and to order some additional remedy beyond the adjournment, a $2,000 sanction for this singular violation that resulted in minimal prejudice to the court or the prosecutor, was—absent any explanation for the amount—outside the range of principled outcomes. The significant amount went beyond acting as an additional remedy. Instead, and in light of the minimal violation that occurred and without further explanation, it appeared more punitive in nature and disproportionate to the violation. For these reasons we vacate the order and remand for the trial court to reassess the amount of sanctions in light of this opinion.

Order vacated and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Peter D. O'Connell
/s/ Jane E. Markey
/s/ Christopher M. Murray