# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* AJENE ABAYOMI MORTON, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Petitioner-Appellee,

v

AJENE ABAYOMI MORTON,

      Respondent-Appellant.

UNPUBLISHED
May 23, 2017

No. 330567
Oakland Circuit Court
Family Division
LC No. 2015-832170-DL

---

Before: RIORDAN, P.J., and RONAYNE KRAUSE and SWARTZLE, JJ.

PER CURIAM.

Respondent, a juvenile, appeals as of right the trial court's dispositional order adjudicating him guilty of larceny in a building, MCL 750.360, and placing him on juvenile probation. We affirm.

## I. FACTUAL BACKGROUND

Respondent's adjudication arises from the theft of gaming systems and accessories from CR's residence in Clarkston, Michigan, on March 20, 2015. The prosecution presented evidence that teenagers CR, MM, EB, and respondent played video games at CR's apartment on March 19, 2015. CR invited the other three boys to stay the night, even though he had just met EB and respondent, who had come with MM. That night, respondent told EB that he was going to steal from CR. The next day, CR and MM went outside to play, leaving EB and respondent alone in the apartment. When CR and MM returned to the residence, CR's gaming systems, as well as EB and respondent, were gone. EB testified that when he and respondent left the apartment, respondent was carrying two backpacks, which appeared to be heavy and difficult to carry based on the way he was "kind of struggling with [them]." From this observation, EB surmised that respondent had stolen CR's items. Respondent denied any wrongdoing and denied that he was at CR's apartment on March 19 and 20.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

Respondent first argues that the prosecution presented insufficient evidence to prove that he was the person who committed the charged crime.[1]  We disagree.

## A. STANDARD OF REVIEW

In ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt.  *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012).  Circumstantial evidence and reasonable inferences arising from the evidence can constitute satisfactory proof of the elements of the crime.  *People v Brantley*, 296 Mich App 546, 550; 823 NW2d 290 (2012).  "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the [trier of fact's] verdict."  *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).  See also *People v Kanaan*, 278 Mich App 594, 618-619; 751 NW2d 57 (2008).

## B. ANALYSIS

"[I]dentity is an element of every offense."  *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008), citing *People v Oliphant*, 399 Mich 472, 489; 250 NW2d 443 (1976); *People v Kern*, 6 Mich App 406, 409-410; 149 NW2d 216 (1967).  A perpetrator's identity may be proven beyond a reasonable doubt by positive identification by a witness or circumstantial evidence and reasonable inferences arising from it.  *Nowack*, 462 Mich at 400; *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).  It is the trial of fact's role to determine the credibility of identification testimony, and we will not resolve that question anew.  *Davis*, 241 Mich App at 700.

Viewed in a light most favorable to the prosecution, the testimony provided by the prosecution's witnesses provided sufficient evidence for the trier of fact to find beyond a reasonable doubt that respondent took CR's property from CR's apartment.  On the night before CR's property was taken, CR, respondent, EB, and MM played video games at CR's apartment.  That evening, respondent told EB that he "was going to steal" from CR.  The next day, the four boys again played video games before CR and MM went outside, leaving respondent and EB alone in the apartment.  At some point, while EB was on the patio talking on the phone, he noticed that respondent had left the living room, which EB could see from outside.  When EB went back inside, CR's gaming systems were missing.  Then, before CR returned, EB and

---

[1] Although respondent's brief on appeal frames this issue as a challenge to the sufficiency of the evidence supporting particular elements of larceny in a building, see *People v Sykes*, 229 Mich App 254, 278; 582 NW2d 197 (1998) (stating the elements of that crime), the gravamen of respondent's claim is that the prosecution presented insufficient evidence of identification.  As discussed later in this opinion, identity is an element of every crime.  *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008).

respondent left the apartment together. Respondent was carrying two noticeably heavy backpacks, which he struggled to carry. When CR and MM returned to CR's residence, no one was inside the apartment, and CR's gaming systems, accessories, and two large backpacks, which CR sometimes used to transport his gaming systems, were missing. This circumstantial evidence was sufficient to permit a rational trier of fact to reasonably infer beyond a reasonable doubt that respondent was the person who took CR's gaming systems and carried them away in CR's backpacks while CR and MM were outside.

Respondent emphasizes that there was no testimony that any witness actually observed him take the property, argues that EB's testimony was "circumspect," and contends that it is "just as conceivable" that EB was the perpetrator. In making these arguments, however, respondent ignores the fact that we are required to resolve all conflicts in the evidence in favor of the prosecution when evaluating the sufficiency of the evidence, *People v Lockett*, 295 Mich App 165, 180; 814 NW2d 295 (2012), and that the deferential standard of review applicable to sufficiency challenges is the same whether the evidence is direct or circumstantial, *Nowack*, 462 Mich at 400. Respondent's claims are related to the weight of the evidence rather than its sufficiency. See *People v Scotts*, 80 Mich App 1, 9; 263 NW2d 272 (1977). Indeed, these same challenges were presented to the trier of fact during the trial, and we "will not interfere with the trier of fact's determinations regarding the weight of the evidence or the credibility of witnesses." *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

Thus, we reject respondent's challenge to the sufficiency of the evidence.

## III. MOTION TO DISMISS

Next, respondent argues that the trial court abused its discretion when it denied his motion to dismiss, which was based on an alleged discovery violation arising from a detective's failure to produce written witness statements. We reject respondent's claim.

## A. STANDARD OF REVIEW

We review for an abuse of discretion a trial court's decision on a motion to dismiss charges against a defendant. *People v Campbell*, 289 Mich App 533, 535; 798 NW2d 514 (2010). We also review a "trial court's decision regarding discovery" for an abuse of discretion. *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003); see also *People v Davie (After Remand)*, 225 Mich App 592, 597-598; 571 NW2d 229 (1997). However, we review a trial court's findings of fact for clear error. *People v Vansickle*, 303 Mich App 111, 114-115; 842 NW2d 289 (2013).

A trial court abuses its discretion "when its decision falls outside the range of principled outcomes." *People v Nicholson*, 297 Mich App 191, 196; 822 NW2d 284 (2012). A finding of fact is "clearly erroneous if we are left with a firm conviction that the trial court made a mistake." *Vansickle*, 303 Mich App at 115.

## B. ANALYSIS

Discovery in juvenile delinquency proceedings is governed by MCR 3.922. MCR 3.922(A)(1)(a) provides that "all written or recorded statements and notes of statements made by the juvenile or respondent that are in possession or control of petitioner or a law enforcement agency" "are discoverable as of right in all proceedings provided they are requested" in the manner specified under the court rule, "unless the interests of justice otherwise dictate[.]" MCR 3.922(A)(1)(b) similarly provides that "all written or recorded nonconfidential statements made by any person with knowledge of the events in possession or control of petitioner or a law enforcement agency, including police reports," are discoverable in accordance with the court rule. MCR 3.922(A)(4) states that failure to comply with this discovery rule "may result in such sanctions, as applicable, as set forth in MCR 2.313." MCR 2.313(B)(2) lists dismissal as an available sanction.

We conclude that respondent is not entitled to relief because he has not established the existence of a discovery violation. MM testified that he was "pretty sure" that he wrote a statement, and respondent testified that he wrote a statement. In contrast, the interviewing detective testified that neither MM nor respondent prepared any written statements, and that he never gave any of the witnesses he interviewed an opportunity to write a statement. After hearing the testimony, the trial court expressed a belief that the investigative work was sloppy in this case, but it ultimately found the detective's testimony to be credible. It concluded that there was no indication that the detective was lying or intentionally withholding written witness statements, even if he was mistaken about whether the witnesses provided written statements in the past. Likewise, the record shows that the trial court implicitly credited the detective's testimony that there were no additional statements to be discovered by the defense. See MCR 3.922(A)(1)(a), (b). "We defer to the trial court's superior ability to observe and assess the credibility of the persons who, in contrast to the operation of this Court, actually appeared before it." *People v Thompson*, 314 Mich App 703, 720; 887 NW2d 650 (2016). Accepting the detective's testimony as true, there were no written statements that could have been produced at trial, and, accordingly, there was no failure to comply with the discovery mandate of MCR 3.922(A)(1)(a) and (b). Likewise, because there was no discovery violation, the trial court had no reason to impose a sanction, let alone the extreme sanction of dismissal.

For the same reasons, we reject respondent's claim that the trial court erred by failing to weigh the factors listed in *Dean v Tucker*, 182 Mich App 27; 451 NW2d 571 (1990). Again, because there was no discovery violation—and, therefore, no need for the imposition of a sanction—there was no reason for the trial court to consider the *Dean* factors in deciding whether dismissal was a just and proper sanction.

## IV. MOTION FOR A DIRECTED VERDICT

Respondent next argues that the trial court erred when it denied his motion for a directed verdict of acquittal. We disagree.

### A. STANDARD OF REVIEW

We review *de novo* a trial court's decision on a motion for a directed verdict. *People v Parker*, 288 Mich App 500, 504; 795 NW2d 596 (2010). We employ the same standard of review when we consider a challenge to a trial court's decision on a motion for a directed verdict

as when we consider a challenge to the sufficiency of the evidence, except we only consider "the evidence presented by the prosecutor up to the time the motion [for directed verdict] is made . . . ." *People v Schultz*, 246 Mich App 695, 702; 635 NW2d 491 (2001). See also *People v Lewis (On Remand)*, 287 Mich App 356, 365; 788 NW2d 461 (2010), vacated in part on other grounds 490 Mich 921 (2011) ("A challenge to the trial court's decision on a motion for a directed verdict has the same standard of review as a challenge to the sufficiency of the evidence.").

## B. ANALYSIS

Respondent raises the same arguments regarding the sufficiency of the evidence that we previously rejected. As respondent observes in his brief on appeal, "The thrust of defense counsel's motion[] [for a directed verdict] was that there was 'reasonable doubt whether or not [respondent] committed the crime for which he's accused of. There's no evidence of anyone seeing him do it.' " As previously discussed in detail, although no one directly observed respondent loading the gaming systems into the backpacks, the prosecution presented sufficient circumstantial evidence to establish his identity as the perpetrator of the crime. Accordingly, the trial court did not err when it denied respondent's motion for a directed verdict of acquittal.

## V. CONCLUSION

Respondent has failed to establish that any of his claims warrant relief.

Affirmed.

/s/ Michael J. Riordan
/s/ Amy Ronayne Krause
/s/ Brock A. Swartzle