*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DERRICO DEVON SEARCY,

        Defendant-Appellee.

UNPUBLISHED
March 25, 2026
11:59 AM

No. 370807
Wayne Circuit Court
LC No. 10-001495-01-FC

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant,

v

DARRELL RASHARD EWING,

        Defendant-Appellee.

No. 370809
Wayne Circuit Court
LC No. 10-001495-02-FC

---

Before: PATEL, P.J., and SWARTZLE and MARIANI, JJ.

PER CURIAM.

In these consolidated cases, the trial court dismissed the cases against defendants, Derrico Devon Searcy and Darrell Rashard Ewing, without prejudice as a result of the prosecutor's discovery violations. The prosecutor now appeals the dismissals, arguing that the trial court erred in dismissing the cases by failing to find that the missing evidence was exculpatory or the prosecutor acted in bad faith. Because the trial court's remedy for the prosecutor's discovery violations was not an abuse of its discretion, we affirm.

## I. BACKGROUND

These cases have a long history originating from a shooting that occurred in 2009, resulting in defendants each being charged and convicted of one count of murder (first-degree for Ewing

-1-

and second-degree for Searcy) and three counts of assault with intent to murder, as well as one count against Ewing for felony-firearm. For a more complete history of these cases, see *People v Searcy*, unpublished opinion of the Court of Appeals, entered October 22, 2020 (Docket No. 351442), and *People v Ewing*, unpublished opinion of the Court of Appeals, entered October 22, 2020 (Docket No. 351446).

After unsuccessful appeals in this Court, defendants were successful in federal court in receiving a remand to the trial court to hold an evidentiary hearing on their juror-misconduct claims. The trial court granted defendants new trials, finding that defendants were prejudiced by the jury's exposure to extraneous information; this Court affirmed the trial court's decision.

After the trial court ordered a new trial, the parties pursued discovery for three years, including several failed motions from defendants to compel the prosecutor to turn over materials and to dismiss the cases based on the prosecutor's failure to turn over evidence. A week before the scheduled trial date, the trial court held a hearing regarding defendants' outstanding discovery requests and directed the prosecutor to contact the former officer in charge of the case and the federal authorities regarding several items of outstanding discovery.

At the end of the business day on the Friday before trial, the prosecutor moved for an adjournment for discovery purposes regarding three pieces of evidence, including a statement that Ewing made to the former officer in charge in 2009. According to the prosecutor, the officer in charge indicated that he attempted to take a statement from Ewing and that this interrogation by the officer would have been video recorded, burned on a disc, and entered into evidence. Further, the prosecutor stated in the motion that the People were "now attempting to locate this recording." The prosecutor in the motion also claimed that it possessed a transcript of a conversation involving Ewing's mother, but not the recording of the audio. As for evidence relating to a federal investigation not involving defendants, the prosecutor stated that it was not in possession of a proffer letter from a certain individual.

On the day of trial, the prosecutor withdrew its motion to adjourn and instead requested a missing-evidence jury instruction. When considering the prosecutor's request, the trial court noted that defendants had been asking for the information for months, and the prosecutor responded to each request that either all evidence had been turned over or the prosecutor would investigate to ensure that the evidence was provided to defendants. The trial court was concerned that the prosecutor first spoke with the original officer in charge just days before trial was to start, and this was when the prosecutor learned that the interview was conducted and recorded. Because the interview appeared to be in evidence at some point in time, the trial court questioned whether other evidence that defendants had been requesting was also missing, which was "incredibly concerning" to the trial court.

The trial court concluded that the prosecutor's requested jury instruction would be insufficient for a fair trial for defendants. Because the prosecutor had withdrawn its request to adjourn, the only remaining option requested by a party before the trial court was defendants' motions to dismiss. The trial court ultimately found that dismissal without prejudice was the appropriate remedy for the prosecutor's discovery abuses.

The prosecutor now appeals the dismissals.

-2-

## II. ANALYSIS

The prosecutor argues that the trial court erred by dismissing the cases based on missing evidence. We review for an abuse of discretion the trial court's decision to dismiss, *People v Scott*, 324 Mich App 459, 462; 924 NW2d 252 (2018), as well as the trial court's remedy for a discovery violation, MCR 6.201(J); *People v Dickinson*, 321 Mich App 1, 17; 909 NW2d 24 (2017). A trial court abuses its discretion when its decision falls outside the range of principled outcomes or is an error of law. *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010).

Although the parties argue the issue on appeal as if the cases were dismissed based on a violation of due process, the trial court dismissed the cases as a penalty for discovery violations.[1] The trial court focused on the prosecutor's failure to investigate the evidence fully and noted the various items of evidence that had been requested by defendants for over a year. It was not until the eve of trial when, after speaking to the original officer in charge of the cases, the prosecutor learned that the officer likely recorded an interview with one of the defendants. The fact that this evidence existed, at least at one time, and had not been discovered or disclosed to defense counsel until literally the eve of trial made the trial court question what other evidence existed that had not been turned over to defense counsel. Given this, and given that the prosecutor had withdrawn its motion to adjourn, the trial court dismissed the charges without prejudice.

Even though there is "no general constitutional right to discovery in a criminal case," *People v Jackson*, 292 Mich App 583, 590; 808 NW2d 541 (2011), the prosecutor must provide defendants with certain information of which the prosecutor knows, MCR 6.201. The prosecutor is responsible for evidence within its control, "without regard to the prosecution's good or bad faith." *People v Chenault*, 495 Mich 142, 150; 845 NW2d 731 (2014); see *Dickinson*, 321 Mich App at 19. It is a defendant's burden to show that a discovery violation was prejudicial. *Dickinson*, 321 Mich App at 17-18.

It is undisputed that the prosecutor failed to provide Ewing's recorded statement to the defense. The former officer in charge indicated that the interview was very likely recorded, and the prosecutor failed to find out this information until trial was imminent, despite repeated requests for the evidence over a substantial period of time. In addition, the prosecutor failed to provide other evidence that appeared to be previously in its possession, including the audio recording of a conversation involving Ewing's mother. These delays and oversights regarding the investigation reasonably caused the trial court to question whether the prosecutor failed to provide all of the available evidence in accordance with MCR 6.201. The prosecutor's failure to identify, obtain, and disclose recordings and other evidence that were likely in the government's possession at some point constituted discovery violations, and these violations prejudiced the defense. See *Dickinson* 321 Mich App at 17-18.

---

[1] Whether analyzed strictly as a discovery violation, or in broader terms of due process, the analysis in these particular cases is the same. "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009) (internal quotation marks omitted).

For a discovery violation, the trial court has discretion to fashion a remedy to fit the violation. MCR 6.201(J); *People v Davie*, 225 Mich App 592, 597-598; 571 NW2d 229 (1997). When fashioning such remedy, the trial court should balance the interests of the courts, the public, and the parties, and consider the causes of the violations and actual prejudice to the parties. *People v Rose*, 289 Mich App 499, 525-526; 808 NW2d 301 (2010).

Here, the parties presented the trial court with three options to remedy the discovery violations: adjournment, a jury instruction, or dismissal. After the prosecutor withdrew its motion to adjourn, the trial court did not further consider that proposed remedy. As for the prosecutor's request for an instruction, the trial court found that such remedy would not be sufficient for defendants to receive a fair trial, indicating that the actual prejudice to defendants from the discovery violations outweighed the effects of a jury instruction. Instead, the trial court opted to grant defendants' motion for dismissal. Our review of the record confirms that the trial court's rejection of an instruction in favor of dismissal was a principled outcome and not an abuse of discretion.

We stress that the trial court's dismissals were without prejudice. They did not foreclose the prosecutor from seeking to refile charges against one or both defendants; if the prosecutor does so in the future, any questions about discovery can be taken up anew. This further supports the conclusion that the trial court's decision to dismiss without prejudice is not outside the range of principled outcomes. See *Davie*, 225 Mich App at 599-600. As for any concerns about statute of limitations, we further note that a charge of murder can be filed at any time. MCL 767.24(1)(a). The lesser assault and felony-firearm charges must be brought within ten years and six years, respectively, without taking into account any tolling that might apply. MCL 767.24(6); MCL 767.24(10); *People v Wade*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 369106); slip op at 5. In any event, whether the prosecutor will be able to refile the charges is a matter for another day.

In sum, the trial court did not abuse its discretion because dismissal without prejudice was a principled outcome based on the prosecutor's discovery violations.

Affirmed.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Philip P. Mariani

-4-